**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HERARDO DIONICIO MARTINEZ,** | 1:18-cv-00793-LJO-BAM |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE SPECIAL MOTION TO STRIKE FRESNO COUNTY'S PETITION** |
| v. | |
| **COUNTY OF FRESNO, a Public Entity; ANITA HARPER, Deputy Public Guardian; and DOES 1-15, inclusive,** | (ECF No. 4.) |
| **Defendants.** | |

Plaintiff Herardo Martinez brings this special motion to strike the Fresno County Public Guardian's petition for authorization to terminate visits between Conservatee Robert Camarillo and Plaintiff Martinez. Plaintiff contends that the petition must be stricken under California's Anti-SLAPP statute, arguing that the petition is a retaliatory strategic lawsuit against public participation ("SLAPP") designed to chill his First Amendment right to free association.[1]

Plaintiff's special motion to strike addresses, and indeed conflates, two entirely separate legal actions. The first action is a civil rights lawsuit brought by Plaintiff, Mr. Martinez, against the County of Fresno and Deputy Public Guardian Anita Harper (collectively, "Defendants") alleging violations of his federal and state constitutional rights. *See Herardo Martinez v. County of Fresno*, No.

---

[1] California's Anti-SLAPP statute provides, in relevant part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1).

18CECG01020 (Fresno Cty. Sup. Ct. filed May 10, 2018). In his Complaint, Plaintiff Martinez alleges that Defendants discriminated against him on the basis of his sexual orientation by preventing his free association with Mr. Camarillo. (*Id.*) This action was previously pending before Fresno County Superior Court Judge Kimberly Gaab. It was removed to federal court on June 8, 2018 and is now the instant action pending before this Court. (ECF No. 1.)

The second action is a conservatorship proceeding related to Robert Camarillo's status as an adult dependent. *Conservatorship of Robert Camarillo*, No. 13CEPR00340 (Fresno Cty. Sup. Ct. filed Apr. 24, 2013.) According to the Complaint, Mr. Martinez had a social and romantic relationship with Conservatee Robert Camarillo. (ECF No. 1 at 9[2].) Mr. Martinez was designated as an interested party in the conservatorship proceedings. (*See* ECF No. 4-3 at 48-49.) On February 28, 2018, the Fresno County Public Guardian filed a "petition for authorization to terminate visits between the conservatee and Herardo Dionicio Martinez" in the conservatorship matter. (ECF No. 4-3 at 35-46.) The state court probate judge handling Mr. Camarillo's conservatorship proceedings determined that the Fresno County Public Guardian's petition was related to Mr. Martinez's civil suit such that it should be transferred to Judge Gaab and related to Mr. Martinez's civil action for reasons of judicial economy. (*See* ECF No. 4-3 at 48-49, 149.) However, the two legal actions were never consolidated. (*Id.*)

After the instant civil rights case was removed to federal court, Judge Gaab referred the related conservatorship matter back to the probate division. (ECF No. 4-3 at 150.)[3] The Fresno County Public Guardian's petition for authorization to terminate visits between the Conservatee and Herardo Martinez

---

[2] All pagination in this order refers to the page number designated by ECF at the top of each filed page in the corresponding ECF document, and not to any other page numbers appearing on the document.

[3] Before the instant action was removed to this Court, Plaintiff filed a special motion to strike the petition for authorization to terminate visits between the conservatee and Herardo Martinez before Judge Gaab in state court. Judge Gaab indicated in a June 15, 2018 order that she no longer had jurisdiction to entertain Plaintiff's special motion to strike the petition due to the removal of the action to federal court. (ECF No. 4-3 at 149-50.) In Plaintiff's motion here, he indicates that he brings this motion to "reschedule" the prior motion to strike before this Court. (ECF No. 4-1 at 1.) Judge Gaab never addressed any aspect of this motion, including the propriety of bringing an anti-SLAPP motion to strike the conservatorship petition in Plaintiff's own civil rights action.

2

is still pending in that matter.  That case and that petition are *not* before this Court.[4]

Through his special motion to strike, Plaintiff asks this Court to strike the petition for authorization to terminate visits–a petition filed in an entirely separate action, in an entirely different court.  This Court has no jurisdiction to entertain such a request.  California's Anti-SLAPP motion allows a <u>defendant</u> to file a special motion to strike any cause of action that constitutes protected activity.  The clear implication of the Anti-SLAPP statue's language is that an Anti-SLAPP may only be filed in a particular action to strike a cause of action pending within the context and confines of the same lawsuit.[5]  This lawsuit is not a conservatorship proceeding, nor was it consolidated with that proceeding at any point.  This action is a civil rights action brought by <u>Plaintiff</u>.  There is no cause of action or claim before this Court to strike.

Finally, this Motion to Strike is spurious and borders on Federal Rules of Civil Procedure, Rule 11 sanction activity.  Should Plaintiff or Plaintiff's counsel file another meritless matter before this Court, this cautionary warning will be taken into consideration by the Court in determining the proper course of action.

As such, Plaintiff's special Motion to Strike is DENIED.


IT IS SO ORDERED.

    Dated:   **August 2, 2018**               /s/ Lawrence J. O'Neill
                                                              UNITED STATES CHIEF DISTRICT JUDGE

---

[4] Indeed, conservatorship proceedings are not generally subject to federal jurisdiction.  *See Hemon v. Office of Pub. Guardian*, 878 F.2d 13, 15 (1st Cir. 1989) ("The long-standing policy of the federal courts to avoid interference in state domestic relations disputes—for example, by abstaining from asserting federal subject matter jurisdiction over domestic relations matters"); *Renteria v. Cuellar*, No. 2:16-CV-01685-MCE-AC, 2016 WL 7159233, at *5 (E.D. Cal. Dec. 8, 2016) ("federal courts do not have subject matter jurisdiction over guardianship proceedings").

[5] It is obvious from the statute that the party bringing the Anti-SLAPP special motion to strike must have been the subject of a complaint or cross-complaint impairing that party's First Amendment rights <u>in the same action</u>.  *See City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002) ("[T]he statutory phrase 'cause of action ... arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech." (emphasis in original)).  Plaintiff here is not a defendant in this action, and has not been subject to such a complaint or cross-complaint in this action.  Therefore, he has no basis to bring such a motion in this action.