1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                    **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HERARDO DIONICIO MARTINEZ, an individual, | Case No.: 1:18-cv-00793-LJO-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO PERMIT FILING OF FIRST AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER |
| v. | |
| COUNTY OF FRESNO, a Public Entity; ANITA HARPER, Deputy Public Guardian; and DOES 1-15, inclusive, | (Doc. 31) |
| Defendants. | |

## Findings and Recommendations

Currently pending before the Court is Plaintiff Herardo Dionicio Martinez's motion for leave to file a first amended complaint and to modify the scheduling order pursuant to Federal Rule of Civil Procedure 16(b). (Doc. 31.) Defendants County of Fresno and Anita Harper opposed the motion on November 1, 2019. (Doc. 33.) The Court found the motion appropriate for resolution without oral argument and vacated the November 15, 2019 hearing. *See* Local Rule 230(g). The matter is deemed submitted.

## BACKGROUND

On March 26, 2018, Plaintiff commenced this lawsuit in Fresno County Superior Court alleging discrimination by the County of Fresno and Anita Harper due to Plaintiff's sexual orientation. Defendant Harper was sued in her official capacity as Deputy Public Guardian of the County.[1] (Doc. 1.) In the complaint, Plaintiff alleged that Defendant Harper was appointed as limited conservator of

---
[1] Defendant Harper retired from the County in June 2019.

1

Robert Camarillo on June 3, 2013. Prior to the appointment, Plaintiff had a social and romantic same sex relationship with Mr. Camarillo. This relationship continued until approximately the summer of 2016 when Defendant Harper allegedly interfered the relationship by accusing Plaintiff of being abusive toward Mr. Camarillo when there was no evidence of any such abuse. Defendant Harper's interference with the relationship reportedly began after Plaintiff made grievances in 2015 against the group home where Defendant Harper placed Mr. Camarillo. (*See* Doc. 1, Compl. at ¶¶ 8-9.) Plaintiff further alleged that Defendant Harper knew that Mr. Camarillo had a social and romantic relationship with Plaintiff even when Defendant Harper sought a conservatorship over Mr. Camarillo in 2013. Defendant Harper also allegedly knew that Mr. Camarillo considered himself to be gay and considered Plaintiff to be his boyfriend. Defendant Harper took no actions against Plaintiff at that time. However, in 2016, allegedly without probable cause, Defendant Harper began falsely accusing Plaintiff of wrongdoing toward Mr. Camarillo, even going so far as to refer to Plaintiff as a "sexual predator" and claiming that Plaintiff was forcing a sexual relationship on Mr. Camarillo. Defendant Harper's attacks allegedly were false and were motivated by discrimination and bias based on Plaintiff's sexual orientation. Defendant Harper also allegedly communicated her false claims about Plaintiff to the group home where she had placed Mr. Camarillo and insisted that the group home prevent Mr. Camarillo and Plaintiff from seeing each other. (*Id*. at ¶ 10.) Plaintiff forwarded claims for violation of the Equal Protection Clause of the Fourteenth Amendment against the County and Defendant Harper in her official capacity, violation of the California Constitution, and violation of California Civil Code § 52.1. (*Id.* at ¶¶ 12-20.)

The case was removed to this Court on June 8, 2018, based on federal question jurisdiction. (Doc. 1.) On September 5, 2018, the Court issued a Scheduling Conference Order. According to that Order, the deadline to file all stipulated amendments to the parties' pleadings or motions to amend expired on October 15, 2018. (Doc. 13 at 3.)

On June 14, 2019, Plaintiff filed a motion to modify the Scheduling Conference Order pursuant to Federal Rule of Civil Procedure 16(b)(4). (Doc. 18.) According to the motion, Plaintiff sought modification due primarily to events involving current and former counsel, including other conflicting matters. (*Id.*) In response to the motion, the Court held a telephonic status conference and directed

the parties to meet and confer to determine whether a stipulation could be reached resolving Plaintiff's motion to modify the Scheduling Conference Order. (Doc. 21.)

On July 2, 2019, the Court partially granted the parties' stipulation to modify the Scheduling Order, which extended the deadlines for expert disclosures, non-expert and expert discovery, pretrial motions, the pretrial conference and trial. (Doc. 23.) The stipulation and order did not include modification of the deadline for amendment to the parties' pleadings. On July 8, 2019, the Court issued an amended order modifying only the trial date. (Doc. 24.) In both modification orders, the Court expressly advised the parties that further requests for continuances on the basis of counsel's lack of preparation would be looked upon with disfavor and that no further extensions or modifications of the deadlines in this case would be granted absent a demonstrated showing of good cause. (Doc. 23 at 3; Doc. 24 at 3.)

On October 15, 2019, Plaintiff filed a motion to permit the filing of a first amended complaint, to resolve an outstanding discovery dispute, and to modify the scheduling order. (Doc. 29.) The Court determined that the motion did not comply with this Court's Local Rules and should not consolidate multiple issues in a single motion. Accordingly, the Court directed Plaintiff to re-notice the matter as two separate motions. (Doc. 30,)

On October 18, 2019, Plaintiff filed the instant motion to permit the filing of a first amended complaint and to modify the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4).[2] (Doc. 31.) In seeking leave to amend, Plaintiff explains that the basis of his original complaint was the following:

> [T]he County of Fresno and Harper violated his civil rights by filing a Request for a Temporary Restraining Order in early 2018, alleging among other things that:
> a) Plaintiff abused Robert Camarillo ["Camarillo"] by not returning him to his group home on August 3, 2016, by the prescribed curfew;
> b) the "offender [Plaintiff] will try to remove the victim [Camarillo] from his place of residence and will emotionally abuse him" if the temporary order is not granted;
> c) Plaintiff improperly restricted Camarillo's diet;
> d) Camarillo was afraid of Plaintiff;

---

[2] On the same date, Plaintiff also filed a motion to resolve a discovery dispute, which will be addressed by separate order. (Doc. 32.)

3

  e) Plaintiff "forces a sexual relationship on Camarillo, including converting his backseat to a bed-like area" so that Plaintiff could use the backseat to forcibly molest Camarillo; and

  f) Plaintiff makes Camarillo "break the rules of his CVRC HOME."

(Doc. 31 at 3.) Plaintiff also explains that the County of Fresno's filing "also stated that Dr. Dawnmarie Risley, D.O. ('Risley'), an employee of Fresno County believed that Plaintiff is a 'sexual predator,' an opinion adopted without any dissent from Harper" and that "Harper made all these statements in her TRO Application based on her personal knowledge and under penalty of perjury." (*Id.*)

  Plaintiff reports that Defendant Harper was deposed on August 19, 2019, prior to the non-expert discovery cut off date. Plaintiff claims that during Defendant Harper's deposition it was revealed that at the time she made the sworn statements in support of the Petition for Temporary Restraining Order "she knew that most of [the statements] were lies or otherwise based on speculative or exaggerated facts." (*Id.*) Based on Defendant Harper's deposition testimony, Plaintiff now seeks to file a first amended complaint that (1) removes the County of Fresno as a Defendant; (2) adds Dr. Dawnmarie Risley as a Defendant; (3) adds a cause of action for negligence against Dr. Risley; (4) modifies the lawsuit such that Defendant Harper is sued only in her individual capacity and all respondeat superior/agency allegations have been removed; (5) modifies the existing causes of action; and (6) modifies the general allegations. (*Id.* at 5-6.) Based on these changes, Plaintiff also seeks modification of the dates for expert disclosures, non-expert and expert discovery, pretrial motions, the pretrial conference and trial.[3] (*Id.* at 6.).

  Defendants opposed the motion for leave to amend and for modification of the Scheduling Conference Order on November 1, 2019. (Doc. 33.) Defendants explain that Defendant Harper applied for a restraining order in 2016, and among Defendant Harper's concerns was County Psychiatrist Dawn Risley's statement to Defendant Harper that a non-developmentally delayed adult engaging in a sexual relationship with Mr. Camarillo was a sexual predator and should be reported

---

[3] The Court notes that all of the dates in the currently operative Scheduling Conference Order, with the exception of those for the pre-trial conference and trial, have expired. Non-expert discovery ended on August 23, 2019, expert discovery ended on September 26, 2019, and the deadline to file all pretrial motions, including dispositive motions, expired on October 15, 2019. (Doc. 24.)

4

under the State's mandatory reporting laws. Defendant Harper also reported Plaintiff to law enforcement and the California Nursing Board. (Doc. 33 at 5.) Defendants contend that Plaintiff has been aware of the facts and theories upon which he seeks to amend his complaint since the inception of this action by actually alleging that Defendant Harper made false claims in the original complaint and knowing about Dr. Risley's use of the descriptor "sexual predator" in the 2016 application. Defendants assert that Plaintiff has not demonstrated diligence in deposing Defendant Harper, waiting nearly 15 months after the filing this action before noticing her deposition. Defendants further claim that Plaintiff has not demonstrated diligence in noticing Dr. Risley's deposition, naming her as a defendant, or naming Defendant Harper in her individual capacity. Defendants argue that even if Defendant Harper's deposition resulted in "newly discovered facts," Plaintiff had ample opportunity to attain them by deposing Defendant Harper and Dr. Risley at an earlier time. (*Id.* at 8-9.)

Plaintiff filed his reply in support of the motion for leave to amend on November 7, 2019. (Doc. 35.) He filed an amended reply on November 8, 2019. (Doc. 36.) In the reply, Plaintiff argues first that key to his motion is that "Dr. Dawnmarie Risley knew Plaintiff's identify when she spoke with Harper and that Harper knew that Dr. Risley's unsolicited and unprofessional opinion was inaccurate based on her personal knowledge which she had formed over years of interacting with Plaintiff." (Doc. 35 at 2.) Plaintiff also argues that Defendants ignore the gravamen of Plaintiff's motion that he "was not advised, never suspected, nor could have reasonably anticipated, that Harper would admit in her deposition that she knew the falsity of her sworn claims about Plaintiff, that her declaration in support of the 2013 restraining order was knowingly packed with factually false statements, and that she had willfully doubled-down on the same false opinions and false statements in the 2016 restraining order by re-swearing to facts she knew were lies and attaching her prior declaration which she knew was slanderous." (*Id.* at 3.) Plaintiff also claims that he was not dilatory in deposing Defendant Harper, noticing her deposition well-before the revised non-expert discovery cutoff date of August 23, 2019.

Having considered the parties' briefs, the records on file, and for the reasons that follow, the Court will recommend that that Plaintiff's motion to permit filing of first amended complaint and to modify scheduling order be denied.

5

**DISCUSSION**

The Scheduling Order issued in this action on September 5, 2018, required that any motion to amend the pleadings be filed by October 15, 2018.[4] (Doc. 13.) Plaintiff initially filed his request to amend on October 15, 2019—one full year after expiration of the amendment deadline set forth in the Scheduling Order. (*See* Doc. 29.) As Plaintiff's request to amend comes after expiration of the relevant Scheduling Order deadline, the Court must apply the standard for amending a scheduling order under Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (finding district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

Plaintiff asserts that his diligence is clear. (Doc. 31.) He deposed Defendant Harper within the modified, existing discovery limits and, based on the deposition testimony, immediately sought a stipulation to amend and to modify the Scheduling Order and, when that was not obtained, he filed the instant motion.

The Court does not agree that Plaintiff's diligence is clear. Arguably, Plaintiff did not delay in seeking leave to amend following Defendant Harper's August 2019 deposition. However, the fact that Defendant Harper was not deposed until that time, more than fifteen months after the inception of this action, and year after discovery opened, does not demonstrate diligence. The Court is not persuaded that any purported "new evidence" identified during the course of Defendant Harper's deposition could not have been discovered earlier in this action. There is nothing in the record before the Court

---

[4] Although the Scheduling Order has been modified subsequently, such modifications did not extend the deadline to file a motion to amend the pleadings. (*See* Docs. 23, 24.)

6

to demonstrate Plaintiff's diligence in either scheduling her deposition in the first instance or in pursuing discovery generally. As indicated above, this action was filed in March 2018 and removed to federal court in June 2018, discovery opened as early as September 2018, and the deadline for leave to amend expired in October 2018. The Court recognizes that the Scheduling Conference Order was modified in July 2019, but that modification occurred more than one year after removal of this action, was based on the inability of Plaintiff's current and former counsel to meet the originally scheduled deadlines and did not contemplate amendment of any pleadings.

Moreover, even if certain facts came to light during Defendant Harper's deposition, it is not apparent to the Court that these facts or theories were not available to Plaintiff at the outset of this action. "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting the lower court's reasoning in denying motion to amend pleadings). At its core, this case has always involved allegedly false statements made or reported by Defendant Harper in 2016-2017. Plaintiff has known the nature, content and origin of these statements from the outset of this action. This includes the opinion rendered by Dr. Risley, which reportedly was conveyed in an application(s) for restraining order by the County of Fresno or Defendant Harper in 2016. Indeed, in the original complaint, Plaintiff alleged:

> [I]n 2016…HARPER began *falsely accusing* PLAINTIFF of wrongdoing toward Mr. Camarillo, even going so far as to refer to PLAINTIFF as a "sexual predator" and claiming that Mr. Camarillo was forcing a sexual relationship on Mr. Camarillo. HARPER'S attacks were in fact *false* and were motivated by discrimination and bias based on PLAINTIFF'S sexual orientation.

(Doc. 1, Compl. at ¶ 10) (emphasis added). At all times relevant to this action, Plaintiff has maintained that Defendant Harper's statements were false and that they were made intentionally or with deliberate indifference. (*Id.*) He continues to maintain that same position in the proposed First Amended Complaint, alleging that Defendant Harper made false accusations against him intentionally or with deliberate indifference. (Doc. 31-1 at ¶¶ 20, 22.) The Court therefore concludes that Plaintiff had facts available to him regarding Defendant Harper's allegedly false statements at the outset of this

7

litigation and could have named Defendant Harper in both her individual and official capacities. Plaintiff likewise was aware of Dr. Risley's opinion at the outset of this litigation, and he could have named Dr. Risley as a defendant. Any subsequent denials of falsity by the County of Fresno, Defendant Harper or Dr. Risley following initiation of this action could have been challenged during earlier stages of this litigation.

For these reasons, the Court does not find good cause to modify the Scheduling Conference Order to permit the filing of a first amended complaint. Correspondingly, Plaintiff's request to modify the Scheduling Conference Order in order to accommodate the filing of a first amended complaint also lacks good cause.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, IT IS HEREBY RECOMMENDED that Plaintiff's motion to permit filing of a first amended complaint and for modification of the Scheduling Conference Order be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 14, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

8