# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERARDO DIONICIO MARTINEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, a Public Entity; ANITA HARPER, Deputy Public Guardian; and DOES 1-15, inclusive,<br><br>Defendants. | Case No.: 1:18-cv-00793-LJO-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION RE DISCOVERY DISPUTE<br>(Doc. 32) |

Currently pending before the Court is Plaintiff Herardo Dionicio Martinez's Motion to Resolve Discovery Dispute. (Doc. 32.) By the motion, Plaintiff requests that the Court order Defendant County of Fresno to consent to a mental evaluation of Robert Camarillo, a non-party subject to conservatorship, pursuant to Federal Rule of Civil Procedure 35. (Doc. 32.) Defendants County of Fresno and Anita Harper opposed the motion on November 1, 2019. (Doc. 34.) Plaintiff did not file a reply. The Court found the motion appropriate for resolution without oral argument and vacated the November 15, 2019 hearing. *See* Local Rule 230(g). The matter is deemed submitted.

## BACKGROUND

On March 26, 2018, Plaintiff commenced this lawsuit in Fresno County Superior Court alleging discrimination by the County of Fresno and Anita Harper, Deputy Public Guardian, due to Plaintiff's sexual orientation.[1] (Doc. 1.) In the complaint, Plaintiff alleged that Defendant Harper was appointed as limited conservator of Robert Camarillo on June 3, 2013. Prior to the appointment,

---
[1] Defendant Harper retired from the County of Fresno in June 2019.

1

Plaintiff had a social and romantic same sex relationship with Mr. Camarillo. This relationship continued until approximately the summer of 2016 when Defendant Harper allegedly interfered with the relationship by accusing Plaintiff of being abusive toward Mr. Camarillo when there was no evidence of any such abuse. Defendant Harper's interference with the relationship reportedly began after Plaintiff made grievances in 2015 against the group home where Defendant Harper placed Mr. Camarillo. (See Doc. 1, Compl. at ¶¶ 8-9.)

Plaintiff forwarded claims for violation of the Equal Protection Clause of the Fourteenth Amendment against the County and Defendant Harper in her official capacity, violation of the California Constitution, and violation of California Civil Code § 52.1. (*Id.* at ¶¶ 12-20.) The case was removed to this Court on June 8, 2018, based on federal question jurisdiction. (Doc. 1.)

On September 5, 2018, the Court issued a Scheduling Conference Order, which set the initial discovery deadlines in this action. The Scheduling Order expressly informed the parties that compliance with the discovery cutoffs "requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time." (Doc. 13 at 3.) The Scheduling Order also explicitly stated that a party's "failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." (*Id.*)

On June 14, 2019, Plaintiff filed a motion to modify the Scheduling Conference Order pursuant to Federal Rule of Civil Procedure 16(b)(4). (Doc. 18.) According to the motion, Plaintiff sought modification due primarily to events involving current and former counsel, including other conflicting matters. (*Id.*) In response to the motion, the Court held a telephonic status conference and directed the parties to meet and confer to determine whether a stipulation could be reached resolving Plaintiff's motion to modify the Scheduling Order. (Doc. 21.)

On July 8, 2019, the Court issued an amended order partially granting the parties' stipulation to modify the Scheduling Order. The Order extended the expert disclosure deadline to July 31, 2019, the supplemental expert disclosure deadline to August 17, 2019, the non-expert discovery cutoff to August 23, 2019, and the expert discovery cutoff to September 26, 2019. (Doc. 24 at 3.)

| | |
|---|---|
| 1 | On October 15, 2019, Plaintiff filed a motion to permit the filing of a first amended complaint, |
| 2 | to resolve an outstanding discovery dispute, and to modify the scheduling order. (Doc. 29.) The |
| 3 | Court determined that the motion did not comply with this Court's Local Rules and should not |
| 4 | consolidate multiple issues in a single motion. Accordingly, the Court directed Plaintiff to re-notice |
| 5 | the matter as two separate motions. (Doc. 30,) |
| 6 | On October 18, 2019, Plaintiff filed the instant motion to order that Defendant County of |
| 7 | Fresno consent to an in-person evaluation of Robert Camarillo by a qualified psychiatrist or |
| 8 | neuropsychologist.[2] (Doc. 32.) In his moving papers, Plaintiff reports that Defendants, as part of their |
| 9 | expert witness disclosure, submitted a neuropsychological evaluation of Mr. Camarillo by their |
| 10 | designated expert, Dr. Howard J. Glidden. Dr. Glidden performed a battery of tests and conducted an |
| 11 | extensive interview. Dr. Glidden assertedly concluded that Mr. Camarillo did not have the requisite |
| 12 | capacity to consent to having a sexual relationship at this time. Plaintiff indicates that Defendants' |
| 13 | expert disclosure stated that Dr. Glidden would opine at trial about Mr. Camarillo's "ability to consent |
| 14 | to a relationship with a person who is not his peer; potential adverse effect on the conservatee from a |
| 15 | romantic relationship with someone who is not his peer." (*Id.* at 3.) Plaintiff contends that these |
| 16 | statements indicate that Defendants intend to utilize Dr. Glidden as an attempt to influence the jury |
| 17 | against the relationship that Plaintiff had formed with Mr. Camarillo. |
| 18 | In response to Dr. Glidden's report, Plaintiff's counsel hired a local psychiatrist, Dr. Stuti |
| 19 | Bhandari, to evaluate Mr. Camarillo. On July 12, 2019, Plaintiff's counsel informed defense counsel |
| 20 | that Plaintiff would be engaging Dr. Bhandari to perform a mental examination. Plaintiff's counsel |
| 21 | provided a stipulation for the evaluation to be scheduled before the expert and non-expert discovery |
| 22 | cutoff dates, but Defendants rebuffed the stipulation asserting that there was no good cause for the |
| 23 | evaluation of Mr. Camarillo. (*Id.* at 10.) Following meet and confer efforts to resolve the dispute, in |
| 24 | August 2019 the parties prepared, but did not file, a Joint Statement re Discovery Dispute Concerning |
| 25 | Mental Examination of Conservatee. (*Id.*) As indicated, Plaintiff now seeks an order compelling |

---

[2] Plaintiff simultaneously filed a motion to permit the filing of a first amended complaint and to modify the scheduling order. (Doc. 31.) Findings and recommendations to deny the motion have been issued. (Doc. 39.)

3

Defendant County of Fresno to consent to Mr. Camarillo's examination. Plaintiff claims that with Dr. Glidden's report and proposed expert testimony, Defendants have now put Mr. Camarillo's mental capacity and ability to form certain relationships at issue and Plaintiff therefore should be entitled to an examination in order to respond to Dr. Glidden's report.

Defendants opposed the motion on November 1, 2019. (Doc. 34.) Defendants report that Dr. Glidden conducted the evaluation of Plaintiff on July 13, 2018, and the report was provided to Plaintiff's former counsel on September 26, 2018. About a year later, on May 31, 2019, Defendants also disclosed Dr. Glidden as an expert under Federal Rule of Civil Procedure 26(a)(2) and provided Plaintiff's current counsel with a copy of Dr. Glidden's report. (Doc. 34 at 4-5, 8; Doc. 34-1, Declaration of Michelle Pepper ("Pepper Decl.") at ¶¶ 2-3.) After an extension of the discovery deadlines, on July 19, 2019, Plaintiff's counsel requested that Defendants stipulate to a mental evaluation of Mr. Camarillo on July 26, 2019 and August 12, 2019. (*Id.* at ¶ 4.) Defendants did not believe there was good cause for the evaluation and indicated that Mr. Camarillo would not be produced. On August 5, 2019, Defendants informed Plaintiff's counsel that they were not amenable to the Court's informal procedures to resolve the dispute. (*Id.*; Doc. 34-2, Ex. B). Defendants now oppose Plaintiff's current request for an examination, arguing, in part, that Plaintiff has not demonstrated good cause to compel a mental examination under Rule 35.

## DISCUSSION

Rule 35 provides that the court "may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." *Id.* "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Id. 35(a)(2).

Rule 35 does not specify a deadline for conducting an independent medical examination. *Buffington v. Nestle Healthcare Nutrition Inc.*, No. SACV 18-00106-JVS (JDEx), 2019 WL 3063516, at *2 (C.D. Cal. Apr. 18, 2019). District courts have noted a split concerning the proper timing for a

Rule 35 examination. *Id.* However, courts within the Eastern District of California have previously held that a Rule 35 examination is properly part of expert discovery. *Narayan v. Compass Grp. USA, Inc.*, No. 2:17-cv-00999-MCE-CKD, 2019 WL 265109, at *3 (E.D. Cal. Jan. 18, 2019) (determining that a Rule 35 medical examination may occur as part of expert discovery and noting that courts in this district have held that such an examination is properly part of expert discovery); *Wormuth v. Lammersville Union Sch. Dist.*, No. 2:15-cv-1572-KJM-EFB, 2017 WL 3537257, at *3 (E.D. Cal. Aug. 17, 2017) (determining that expert's Rule 35 mental examination report was required to be produced at time of expert's designation and defendants' request to proceed with examination after expert disclosure deadline would require modification of scheduling order); *Minnard v. Rotech Healthcare Inc.*, No. S-06-1460 GEB GGH, 2008 WL 150502, at *2 (E.D. Cal. Jan. 15, 2008) (concluding that where defendant's expert will be using the requested psychological interview to support defendant's overall position, or attacking the position of plaintiff's expert, the Rule 35 exam and the retained expert's opinions are inextricably intertwined); *see also Hung Nguyen v. Regents of the Univ. of California*, No. 817CV00423JVSKESX, 2018 WL 6112617, at *5 n. 3 (C.D. Cal. July 26, 2018) (noting that where an independent medical examiner will offer opinions and conclusions regarding facts derived from an examination, that discovery is akin to expert discovery and it appears proper for the terms of the scheduling order regarding expert witness discovery to dictate the timing of the independent medical examination); *Rowland v. Paris Las Vegas*, No. 13CV2630-GPC DHB, 2015 WL 4662032, at *4 (S.D. Cal. Aug. 6, 2015) (finding the proposed independent medical examination falls within the realm of expert discovery)

In this case, expert discovery closed on September 26, 2019. (Doc. 24 at 3.) Because Plaintiff did not move to compel Defendant County of Fresno to permit Mr. Camarillo's examination until October 15, 2019, several weeks after expiration of the expert discovery deadline, the Court finds the motion untimely.

The record shows that, at a minimum, Plaintiff was aware of the need for a Rule 35 examination in September 2018, when Dr. Glidden's report was provided to Plaintiff's former counsel. Plaintiff again was made aware of the need for a Rule 35 examination in May 2019, when Dr.

Glidden's report was produced a second time and he was identified in Defendants' expert disclosures.[3] Nevertheless, Plaintiff did not take appropriate action to complete the examination prior to the deadlines for disclosing experts and concluding expert discovery. Plaintiff knew of Defendant County of Fresno's refusal to permit the requested examination as early as July 24, 2019, (Pepper Decl. at ¶ 4 and Doc. 34-2, Ex. B), and the parties apparently prepared a Joint Statement of Discovery Disagreement in August 2019 (Doc. 32 at 5 and Ex. A). Yet, no motion was presented to the Court before expiration of the expert discovery deadline, and no expert disclosures were made by Plaintiff in the year after Dr. Glidden's report was first submitted to Plaintiff's counsel. That Defendants may not have agreed to participate in the Court's informal discovery procedures to resolve the dispute is not a sufficient reason to explain not complying with the discovery deadlines. Defendants informed Plaintiff's counsel on August 5, 2019, that they were not amenable to the Court's informal procedures (Doc. No. 34-1, Pepper Decl. at ¶ 4 and Doc. 34-2, Ex. B), but the motion was not filed until October 15, 2019.[4]

In addition to the foregoing, the Scheduling Order in this case expressly stated that a party's "failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." (Doc. 13 at 3.) Plaintiff does not explain why the instant motion was not filed and heard sufficiently in advance of the extended expert discovery cutoff in order to permit the Court to grant effective relief within the allotted discovery time.

The Court acknowledges that Plaintiff moved to modify the discovery deadlines in conjunction with a separately filed motion to amend the complaint. (*See* Doc. 31.) However, Plaintiff has not shown good cause for again modifying the Court's Scheduling Conference Order as required under the applicable Federal Rules of Civil Procedure for purposes of the Rule 35 examination. See Fed. R. Civ. P. 16(b). The good cause standard primary considers the diligence of the party seeking the modification of the schedule, and Plaintiff has shown no evidence of diligence here. *See Johnson v.*

---

[3] The Court does not address in this order whether the expert testimony is relevant to the claims in the case.
[4] A party seeking to compel discovery must protect itself by filing a motion promptly. *Pac. Marine Ctr., Inc. v. Philadelphia Indem. Ins. Co.*, No. 1:13-cv-00992-DAD-SKO, 2016 WL 110291, at *4 (E.D. Cal. Jan. 11, 2016) (observing that courts within the Ninth Circuit have frequently denied motions to compel filed after the close of discovery).

*Mammoth Recreations*, 975 F.2d 604, 607–08 (9th Cir. 1992). Moreover, the discovery deadlines in this action already have been extended to accommodate Plaintiff and his counsel, and the Court has indicated that "further requests for continuances on the basis of counsel's lack of preparation will be looked upon with disfavor and no further extension or modifications of the deadlines in this case will be granted absent a demonstrated showing of good cause." (Doc. 24 at 3.)

**CONCLUSION AND ORDER**

Based on the foregoing factors, Plaintiff's motion seeking to compel Defendant County of Fresno to permit a Rule 35 examination of Mr. Camarillo is untimely and is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __November 18, 2019__  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE