# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERARDO DIONICIO MARTINEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, a Public Entity; ANITA HARPER, Deputy Public Guardian; and DOES 1-15, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00793-LJO-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PERMIT FILING OF FIRST AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER<br><br>(Doc. Nos. 31, 39) |

Plaintiff Herardo Dionicio Martinez commenced this lawsuit in Fresno County Superior Court alleging discrimination by the County of Fresno and Anita Harper due to Plaintiff's sexual orientation. The matter was removed to this Court on June 8, 2018. (Doc. No. 1.)

On November 14, 2019, the assigned Magistrate Judge issued findings and recommendations recommending that Plaintiff's motion to permit the filing of a first amended complaint and for modification of the Scheduling Conference Order be denied. (Doc. No. 39.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 8.) Plaintiff filed timely objections on December 1, 2019. (Doc. No. 41.) Defendants did not file a response.

In the findings and recommendations, the Magistrate Judge determined that Plaintiff failed to demonstrate good cause to modify the Scheduling Conference Order to permit the filing of a first amended complaint under Federal Rule of Civil Procedure 16(b)(4). (Doc. No. 39 at 6-7.) Plaintiff's objection that he was unaware of the purported falsity of Defendant Harper's statements until her deposition is unpersuasive because the original complaint alleges that

1

Defendant Harper's statements were false. Although the Court agrees with Plaintiff that Harper's deposition, viewed in a light most favorable to Plaintiff, would provide support for an allegation of knowing falsity against Defendant Harper, it is unclear to the Court how this additional evidentiary support presents anything truly new. If the original complaint's allegations of falsity were not based on evidence of knowing (or at least reckless) falsehoods, the Court cannot divine the purpose those allegations served in the original complaint, which contains no negligence claim. Moreover, reference to the content of the Harper Deposition does not address the timing of that deposition, which goes to the diligence requirement. Specifically, Plaintiff fails to address the approximately one-year gap between the Court-ordered deadline to amend and the pending motion to amend. As a result, Plaintiff has failed to demonstrate a basis for not naming Defendant Harper in her individual capacity by (or at least closer to) the amendment deadline.

Plaintiff's additional objection regarding the dismissal of Defendant Fresno County from the action does not require amendment of the complaint and can be accomplished by stipulation or motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on November 14, 2019, (Doc. No. 39), are adopted in full; and
2. Plaintiff's motion to permit filing of a first amended complaint and for modification of the Scheduling Conference Order is denied.

IT IS SO ORDERED.

Dated: **December 20, 2019**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE